IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LUX BRANDS, LLC, a Florida Limited
Liability Company, A/A/O MARLOW ASFA
WASSANT, JR.,

      CASE NO.:

    Plaintiff,
v.

FEDERAL INSURANCE COMPANY, a
Foreign Profit Corporation

    Defendant.
_____/

## DEFENDANT, FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, FEDERAL INSURANCE COMPANY ("Federal"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, respectfully petitions this Court for removal of the above-captioned action from the Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support thereof, Federal states as follows:

1. On or about May 7, 2019, Plaintiff filed the present Complaint in the Circuit Court in and for Miami-Dade County, Florida, Case No.: 2019-013754-CA. Federal was served with Plaintiff's Complaint on May 20, 2019. [Plaintiff's Summons and Complaint and the Notice of Service on Federal are attached hereto as part of Composite Exhibit "A"].

2. Plaintiff's Complaint sets forth a single count for breach of contract (Count I). Plaintiff's claim arises out of an alleged failure to pay a theft loss insurance claim by Federal regarding a motor vehicle rented by Plaintiff to its assignor, MARLOW ASFA WASSANT, JR. ("Wassant").

3.	Plaintiff alleges that it is "a corporation organized under the laws of the State of Florida and that has its principal place of business in Miami-Dade County, Florida. *See* Plaintiff's Complaint attached hereto as part of Composite Exhibit A at ¶ 2. The Florida Division of Corporations website supports Plaintiff's allegation in that it states that Plaintiff is a Florida corporation with its principal place of business in Miami Beach, Florida. *See* Florida Division of Corporations website printout attached hereto as Exhibit "B".

4.	Federal, a subsidiary of Chubb INA Holdings, Inc., is a foreign corporation incorporated under the laws of the state of Indiana and maintains its principal place of business in Indianapolis, Indiana. *See* Florida Division of Corporations website printout attached hereto as Exhibit "C". Thus, Federal is a citizen of the State of Indiana. [1]

5.	As such, there is a complete diversity of citizenship among the parties.

6.	The amount in controversy in the instant action exceeds $75,000.00, without interest and costs. While Plaintiff's Complaint only generally alleges damages in excess of $15,000, the policy at issue, which is attached to Plaintiff's Complaint as Exhibit "A", has a total limit of $100,000 for Rented Automobile Damage or Loss Benefit. *See* Exhibit "A" to Plaintiff's Complaint at Pg. 6. Further, on or about February 22, 2019, Plaintiff submitted a claim for damages to Broadspire, the insurer's third-party administrator, totaling $89,505 for damages under the subject policy. *See* Plaintiff's claim submittal and supporting repair estimate attached hereto as Composite Exhibit "F".

---

[1] Federal has filed a Motion to Dismiss Plaintiff's Complaint in the underlying state court action maintaining that the insurance policy underlying Plaintiff's Complaint was not issued by Federal but was issued by ACE American Insurance Company ("ACE American"). *See* copy of Federal's Motion to Dismiss and Incorporated Memorandum of Law attached hereto as Exhibit "D". ACE American, a subsidiary of INA Holdings Corporation, is a foreign corporation incorporated under the laws of the State of Pennsylvania and with its principal place of business in Philadelphia, Pennsylvania. *See* Florida Division of Corporations website printout attached hereto as Exhibit "E". Thus, ACE American is a citizen of the State of Pennsylvania. As such, there is complete diversity between the parties, even if Plaintiff's Complaint is amended to substitute ACE American for Federal as the proper party defendant.

7. In accordance with 28 U.S.C. § 1446(b), Federal's Notice of Removal of this action is being filed within thirty (30) days of Federal being served with the summons and complaint in this matter. *See* Notice of Service of Process attached hereto as part of Composite Exhibit "A".

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, a true and legible copy of Plaintiff's Complaint and other documents filed to date in the underlying matter are attached hereto as Composite Exhibit "A," and a Civil Cover Sheet is attached hereto as Exhibit "G."

**WHEREFORE**, Federal respectfully requests that the action now pending against it in the Circuit Court in and for Miami-Dade County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law and grant such further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

The statutory requirements for removal of the present matter from state court to the United States District Court for the Southern District of Florida, Miami Division, have been met. Any civil action brought in state court may be removed by a defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, the matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Federal has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship between Plaintiff and Federal (and between Plaintiff and ACE American). The burden of proving citizenship rests on the party invoking diversity and must be shown by a preponderance of the evidence. Under 28 U.S.C. § 1332, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F.Supp. 210, 211-12 (M.D.Fla. 1995). Here, Plaintiff has alleged that it is a Florida corporation with its principal place of business in Miami-Dade County and the Florida Division of Corporations website supports this allegation. *See* Composite Exhibit "A" and Exhibit "B". Thus, Plaintiff is a citizen of the state of Florida. On the other hand, Federal is a citizen of the state of Indiana (and Ace American is a citizen of the state of Pennsylvania]. *See* Exhibits "C" and "E" attached hereto.

Second, the statutory requirement that the amount in controversy exceed $75,000, exclusive of interest and costs, has been met as evidenced by the $100,000 limits of the policy at issue Plaintiff's claim document and supporting repair estimate alleging damages of $89,505 submitted to Broadspire. *See* Exhibit "A" to Plaintiff's Complaint and Composite Exhibit "F". *See Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-CV-21180-KMM, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) ("The Court finds that the repair estimate … is an 'honest assessment of damages' by Plaintiff … because it was prepared by Plaintiff's public adjuster and reflects specific information to support Plaintiff's claim for damages rather than 'puffing and posturing.'") (citing to various authorities). In the instant case, the repair estimate was prepared by a motor vehicle repair shop, as opposed to a public adjuster, but the rationale regarding the "honest assessment of damages" referenced in *Perez-Malo* is equally as applicable here.

Furthermore, Plaintiff is seeking recovery of attorney's fees in this action pursuant to §627.428, Fla.Stat., and the reasonable amount of such fees can be considered in determining whether a Plaintiff's claim meets the amount in controversy requirement for removal. *Parker v. Scottsdale Ins. Co.* 2019 WL 409039 (S.D. Fla. February 1, 2019); *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F.Supp.2d 1342, 1344 (S.D. Fla. 2013).

For the foregoing reasons, this action is properly removable based upon diversity of citizenship and Federal has filed the present Notice of Removal within thirty (30) days of being served with the summons and complaint; and therefore, removal of this action to the present Court is appropriate.

**WHEREFORE**, Federal respectfully requests that the action now pending against it in the Circuit Court in and for Miami-Dade County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law and grant such further relief as the Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June, 2019, the foregoing document was filed and served this day on all counsel of record identified on the attached Service List in the manner specified.

/s/ Michael T. Bill
**MICHAEL T. BILL, ESQ.**
Florida Bar No.: 997722
Young, Bill, Boles, Palmer, Duke & Thompson, P.A.
Post Office Drawer 1070
Pensacola, Florida  32591-1070
Ph. (850) 432-2222 / Fax (850) 432-1444
Primary email: mbill@flalawyer.net
Secondary email: ejackson@flalawyer.net
*Counsel for Federal Insurance Company*

**SERVICE LIST**
**LUX BRANDS, LLC a Florida Limited Liability Company, A/A/O MARLOW ASFA WASSANT, JR v. FEDERAL INSURANCE COMPANY**
**Case No.: 2019-013754-CA**
**In the Circuit Court of the Eleventh Judicial Circuit**
**In and For Miami-Dade County, Florida**

Carlos Santisteban, Jr., Esq.
CARLOS SANTISTEBAN, JR., P.A.
6080 Bird Road, Suite 1
Miami, FL 33155
Ph.: (305) 930-8200
Fax: (305) 930-8300
eservice@csjrlaw.com
carlos@csjrlaw.com